## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| EUROFASE USA INC., <br><br> Plaintiff, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA, <br><br> Defendants. | Court No. 25-00454 |

## **COMPLAINT**

Plaintiff Eurofase USA Inc. ("Eurofase"), by and through counsel, and for its Complaint against Defendants, alleges as follows:

1. Plaintiff is a U.S. importer of record who imported merchandise and paid the duties challenged in this action.

2. As described in detail below, President Trump imposed the duties challenged in this action through a series of Executive Orders pursuant to the International Emergency Powers Act, 50 U.S.C. § 1701 et seq. ("IEEPA") ("IEEPA duties").

3. IEEPA, however, does not provide the President with such authority, as this Court and the U.S. Court of Appeals for the Federal Circuit both have held. *See V.O.S. Selections, Inc.*

1

*v. United States*, 772 F. Supp. 3d 1350 (Ct. Int'l Trade 2025), *aff'd sub nom*, *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025), *cert. granted*, No. 25-250, 2025 WL 2601020 (U.S. Sept. 9, 2025).  The United States Supreme Court held oral argument on November 5, 2025.

4. Eurofase brings this action asking the Court to rule, consistent with *V.O.S. Selections, Inc.*, that the IEEPA duties are not lawful and that Defendants must provide a full refund of the IEEPA duties Eurofase has paid, with interest.

**JURISDICTION**

5. This Court's jurisdiction arises under 28 U.S.C. § 1581(i) and 28 U.S.C. § 2631(i), and this action is filed within the time limits prescribed by 28 U.S.C. § 2636(i).

6. Plaintiff has standing to bring this action because, like the plaintiffs in *V.O.S. Selections, Inc.*, Eurofase is an importer of record of goods that are subject to IEEPA duties and Eurofase has paid those duties.

**PARTIES**

7. Eurofase is a U.S. entity and the U.S. importer of record who has paid IEEPA duties.

8. Eurofase is incorporated in the United States, and its headquarters are located at 2100 N Stemmons Freeway, Suite # 4002, Dallas, 75207, United States of America.

9. Defendant Donald J. Trump is the President of the United States and is sued in his official capacity.

10. Defendant U.S. Department of Homeland Security is an agency of the U.S. federal government.

11. Defendant Kristi Noem is the Secretary of the U.S. Department of Homeland Security and is sued in her official capacity.

12. Defendant U.S. Customs and Border Protection ("CBP") is a constituent agency within the U.S. Department of Homeland Security, headquartered in Washington, D.C. CBP is responsible for border security and collecting tariffs or duties and taxes on goods imported into the United States.

13. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

14. Defendant, United States, is the proper party for the decision taken by CBP, a constituent agency of the U.S. Department of Homeland Security and the party who received Plaintiff's payment of the disputed IEEPA duties.

## STANDING

15. Plaintiff is the real party in interest because Eurofase is the U.S. importer of record who paid the challenged IEEPA duties. Plaintiff has and will continue to suffer economic injury as a result of having to pay the unlawful IEEPA duties. Consequently, Plaintiff has standing. *V.O.S. Selections Inc.*, 772 F. Supp. 3d at 1369 (*citing Totes-Isotoner v. United States*, 594 F.3d 1346, 1351 (Fed. Cir. 2010)).

## TIMELINESS OF ACTION

16. Plaintiff commenced this action by filing a summons and complaint within two years of the unlawful action. Thus, Plaintiff's action is timely filed pursuant to 28 U.S.C. § 2636(i) and USCIT Rules 3(a)(3).

**FACTUAL BACKGROUND**

17. In the discussion below, Eurofase follows the same naming convention as the *V.O.S. Selections* court, referring to the challenged duties as the "trafficking tariffs" and "worldwide and retaliatory tariffs." *V.O.S. Selections Inc.*, 772 F. Supp.3d at 1362-64.

*The Trafficking Tariffs*

18. On February 1, 2025, President Trump issued three executive orders imposing tariffs on imports from Canada, Mexico, and China. Each executive order was premised on IEEPA authorizing the tariffs, and for each set of tariffs President Trump claimed that they were justified under IEEPA because of a purported national emergency (the "Trafficking Tariffs").

19. As to Mexico, the President issued Executive Order 14194, 90 Fed. Reg. 9117, *Imposing Duties To Address the Situation at Our Southern Border* ("Mexico Tariff Order"),[1] imposed an additional 25% tariff on the import of goods from Mexico.

20. As to Canada, the President issued Executive Order 14193, 90 Fed. Reg. 9113, *Imposing Duties to Address the Flow of Illicit Drugs Across Our Northern Border* ("Canada Tariff Order"),[2] imposed a 25% tariff, with certain exceptions.

21. As to China, the President issued Executive Order 14195, 90 Fed. Reg. 9121, *Imposing Duties to Address the Synthetic Opioid Supply Chain in the People's Republic of China*

---

[1] Exec. Order No. 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9117 (Feb. 7, 2025).
[2] Exec. Order No. 14193, *Imposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9113 (Feb. 7, 2025).

("China Tariff Order")[3] which initially imposed an additional 10% *ad valorem* tariff that was subsequently amended to 20%.[4]

*The Worldwide and Retaliatory Tariffs*

22. On April 2, 2025, President Trump issued Executive Order 14257, 90 Fed. Reg. 15041 (the "Worldwide and Retaliatory Tariffs"), *Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices that Contribute to Large and Persistent Annual United States Goods Trade Deficits.*[5] The Worldwide and Retaliatory Tariff Order imposed a 10% baseline tariff on nearly all imports to the United States, effective April 5, and additional "reciprocal" tariffs on 57 countries, effective April 9. *Id*. at Annex I. These higher country-specific tariffs range from 11% to 50%. *Id*.

23. On April 8, 2025, the President responded to retaliatory tariffs from China by raising the reciprocal tariff rate 50 percentage points—from 34% to 84%. Exec. Order No. 14,259, 90 Fed. Reg. 15,509, *Amendment to Reciprocal Tariffs and Updated Duties as Applied to Low-Value Imports from the People's Republic of China*.[6]

24. The next day, the President suspended for 90 days the higher country-specific tariffs on all countries except for China, for which he raised the "reciprocal" tariff again—from

---

[3] Exec. Order No. 14195, *Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9121 (Feb. 7, 2025).
[4] Exec. Order No. 14200, *Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9277 (Feb. 11, 2025). The President further amended the China Tariff Order. Exec. Order No. 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 11463 (Mar. 7, 2025).
[5] Exec. Order No. 14257, *Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 7, 2025).
[6] Exec. Order No. 14259, *Amendment to Reciprocal Tariffs and Updated Duties As Applied to Low-Value Imports from the People's Republic of China*, 90 Fed. Reg. 15509 (Apr. 14, 2025).

84% to 125%. Exec. Order No. 14,266, 90 Fed. Reg. 15,625 (Apr. 9, 2025), *Modifying Reciprocal Tariff Rates to Reflect Trading Partner Retaliation and Alignment*.[7]  Meanwhile, the 20% trafficking tariff on imports from China remained in place, such that most imports from China faced a minimum 145% IEEPA tariff.

25.     The President has subsequently issued additional Executive Orders to those identified above amending the Trafficking and Worldwide and Retaliatory Tariffs.  *See* Attachment 1 for a complete listing of the Executive Orders addressing the Trafficking and Worldwide and Retaliatory Tariffs.

26.     In implementing his Executive-Order-based tariff regime, the Defendant directed changes to the Harmonized Tariff Schedule of the United States, requiring that goods subject to the challenged tariffs to be entered under new tariff codes.

27.     On April 14, 2025, several companies filed an action in this Court challenging the legality of these tariff orders. *See V.O.S. Selections*, *et al. v. Donald J. Trump*, *et al.*, No. 25-cv-00066 (ECF No. 2).  On April 23, 2025, a number of states filed a similar action.  *See V.O.S. Selections*, *et al. v. Donald J. Trump*, *et al.*, No. 25-cv-00077 (ECF No. 2).   As discussed below, this Court held the orders were unlawful and the Federal Circuit, sitting *en banc*, affirmed.

28.     As the U.S. importer of record of merchandise that is subject to the unlawful IEEPA duties, Eurofase has paid both the Trafficking and the Worldwide and Retaliatory Tariffs.

### STATEMENT OF THE CLAIMS

### COUNT I
(The IEEPA Duties Are Unlawful)

29.     Paragraphs 1 through 28 are adopted and incorporated by reference.

---

[7] Exec. Order No. 14266, *Modifying Reciprocal Tariff Rates To Reflect Trading-Partner Retaliation and Alignment* (Apr. 9, 2025) 90 Fed. Reg. 15625 (Apr. 15, 2025).

30. The U.S. Court of International Trade in *V.O.S. Selections, Inc. v. Donald J. Trump*, 772 F. Supp. 3d. 1350, 1383 (Ct. Int'l Trade 2025), *aff'd*, 149 F.4th 1312 (Fed. Cir. 2025), held that the President exceeded his authority under IEEPA when he imposed tariffs on imported goods.

31. The Federal Circuit affirmed this Court's decision, holding that Congress did not clearly delegate to the President the authority to impose the challenged IEEPA duties. 149 F.4th at 1337.

32. Eurofase's action challenges the same IEEPA duties based on the same facts and law as those struck down in *V.O.S. Selections*. For the reasons set forth by this Court in *V.O.S. Selections*, as affirmed by the Federal Circuit, the IEEPA duties exceed the President's statutory authority, are unlawful, and are without effect as applied to Plaintiff.

33. Eurofase respectfully requests that this Court follow the binding precedent of the Federal Circuit, declare the IEEPA duties unlawful as to Plaintiff, enjoin CBP from enforcing them as to Plaintiff, and order CBP to refund all IEEPA duties collected from Plaintiff, with interest as provided by law.

## COUNT II
(The IEEPA Duties Are Unconstitutional)

34. Paragraphs 1 through 33 are adopted and incorporated by reference.

35. In the alternative, if the Court were to construe IEEPA as authorizing tariffs, the IEEPA duties must nevertheless be held unlawful because IEEPA in that event would constitute an impermissible delegation of legislative power from Congress to the President.

36. The U.S. Constitution vests in Congress exclusively the power to "lay and collect … Duties." U.S. CONST. art. I, § 8, cl. 1.

37. Under separation-of-powers principles and binding precedent of the U.S. Supreme

Court, Congress cannot delegate its power to the President unless, at the very least, it provides an intelligible principle that directs and meaningfully constrains the President's exercise of that power. IEEPA does not do that.

38. Eurofase therefore seeks a declaration that the IEEPA duties are unconstitutional as to Plaintiff, enjoin CBP from enforcing them as to Plaintiff, and order CBP to refund all IEEPA duties collected from Plaintiff, with interest as provided by law.

## COUNT III
(Declaratory Relief)

39. Plaintiff incorporates paragraphs 1-38 above by reference.

40. Federal courts have the power "to declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a).

41. Eurofase claims present an actual controversy as to the President's authority under IEEPA, the constitutionality of IEEPA, and the authority of CBP to implement and collect the resulting tariffs.

42. Eurofase is an importer of record and has suffered injury by having been required to pay IEEPA duties on goods it has imported into the United States.

43. Accordingly, this Court should follow its reasoning in *V.O.S. Selections* and exercise its equitable power to enter a declaratory judgment that the IEEPA duties are unlawful for any of the above reasons, and that CBP lacks authority to implement and collect the resulting tariffs, as to Plaintiff. 772 F. Supp. 3d. at 1383-84, *aff'd*, 149 F.4th 1340.

**PRAYER FOR RELIEF**

44.  WHEREFORE, Plaintiff respectfully requests that this Court:

(1)  Enter judgment in its favor; and declare that the President lacks authority under IEEPA to set tariffs; declare that the IEEPA tariffs are unlawful and void as applied to Plaintiff; declare that CBP lacks authority to implement and collect any tariffs based on the IEEPA tariffs; enjoin CBP from imposing and enforcing any tariffs based on the IEEPA tariffs; order the Defendants to refund all the IEEPA duties Plaintiff has paid, with interest; and

(2)  Award costs, attorneys' fees and other such relief as this Court deems just and proper.

Respectfully submitted,

/s/ Emily Lawson
Emily Lawson
Frank Morgan
APPLETON LUFF
1700 Seventh Avenue
Suite 2100
Seattle, WA 98101
(206) 357-8522
****
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20036
(301) 649-2149

*Counsel to Eurofase USA Inc.*

Dated: December 9, 2025

| Executive Order Number | Federal Register ("FR") Citation | FR Notice Date | Starting Page of FR Notice | Title | History |
|---|---|---|---|---|---|
| 14193 | 90 FR 9113 | 2/7/2025 | 9113 | Imposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border | See: Proclamation 9 ("Proc.") 10886, January 20, 2025; Executive Order ("EO") 14156, January 20, 2025; EO 14157, January 20, 2025; Memorandum ("Memo.") of January 20, 2025; EO 14197, February 3, 2025; EO 14231, March 6, 2025; EO 14257, April 2, 2025; EO 14289, April 29, 2025; Proc. 10962, July 30, 2025; EO 14324, July 30, 2025; EO 14325, July 31, 2025 Amended by: EO 14226, March 2, 2025 |
| 14194 | 90 FR 9117 | 2/7/2025 | 9117 | Imposing Duties To Address the Situation at Our Southern Border | See: Proc. 10886, January 20, 2025; EO 14198, February 3, 2025; EO 14232, March 6, 2025; EO 14324, July 30, 2025 Amended by: EO 14227, March 2, 2025; EO 14289, April 29, 2025; Proc. 10962, July 30, 2025 |
| 14195 | 90 FR 9121 | 2/7/2025 | 9121 | Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China | See: Proc. 10886, January 20, 2025; EO 14157, January 20, 2025; Memo. of January 20, 2025; EO 14200, February 5, 2025; EO 14256, April 2, 2025; Proc. 10962, July 30, 2025; EO 14324, July 30, 2025 Amended by: EO 14228, March 3, 2025 |
| 14197 | 90 FR 9183 | 2/10/2025 | 9183 | Progress on the Situation at Our Northern Border | See: EO 14193, February 1, 2025; EO 14227, March 2, 2025; EO 14257, April 2, 2025; EO 14289, April 29, 2025 |
| 14198 | 90 FR 9185 | 2/10/2025 | 9185 | Progress on the Situation at Our Southern Border | See: EO 14194, February 1, 2025; EO 14227, March 2, 2025; EO 14257, April 2, 2025; EO 14289, April 29, 2025 |
| 14200 | 90 FR 9277 | 2/11/2025 | 9277 | Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China | See: EO 14195, February 1, 2025; EO 14228, March 3, 2025; EO 14256, April 2, 2025; EO 14324, July 30, 2025 |
| 14226 | 90 FR 11369 | 3/6/2025 | 11369 | Amendment to Duties To Address the Flow of Illicit Drugs Across Our Northern Border | See: EO 14197, February 3, 2025; EO 14289, April 29, 2025; EO 14324, July 30, 2025 Amends: EO 14193, February 1, 2025 |
| 14227 | 90 FR 11371 | 3/6/2025 | 11371 | Amendment to Duties To Address the Situation at Our Southern Border | See: EO 14198, February 3, 2025; EO 14257, April 2, 2025; EO 14289, April 29, 2025; EO 14324, July 30, 2025 Amends: EO 14194, February 1, 2025 |
| 14228 | 90 FR 11463 | 3/7/2025 | 11463 | Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China | See: EO 14200, February 5, 2025; EO 14256, April 2, 2025 Amends: EO 14195, February 1, 2025 |
| 14231 | 90 FR 11785 | 3/11/2025 | 11785 | Amendment to Duties To Address the Flow of Illicit Drugs Across Our Northern Border | See: EO 14193, February 1, 2025; EO 14257, April 2, 2025; EO 14289, April 29, 2025 |
| 14232 | 90 FR 11787 | 3/11/2025 | 11787 | Amendment to Duties To Address the Flow of Illicit Drugs Across Our Southern Border | See: EO 14194, February 1, 2025; EO 14289, April 29, 2025 |
| 14256 | 90 FR 14899 | 4/7/2025 | 14899 | Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China as Applied to Low-Value Imports | See: EO 14195, February 1, 2025; EO 14200, February 5, 2025; EO 14228, March 3, 2025; EO 14257, April 2, 2025; EO 14259, April 8, 2025 Superseded by: EO 14324, July 30, 2025 (in part) |
| 14257 | 90 FR 15041 | 4/7/2025 | 15041 | Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits | See: Proc. 9704, March 8, 2018; Proc. 9705, March 8, 2018; Proc. 9980, January 24, 2020; Memo. of January 20, 2025; EO 14193, February 1, 2025; EO 14194, February 1, 2025; EO 14197, February 3, 2025; EO 14198, February 3, 2025; Proc. 10895, February 10, 2025; Proc. 10896, February 10, 2025; Memo. of February 13, 2025; EO 14227, March 2, 2025; EO 14231, March 6, 2025; Proc. 10908, March 26, 2025; EO 14256, April 2, 2025; EO 14259, April 8, 2025; EO 14266, April 9, 2025; EO 14298, May 12, 2025; EO 14309, June 16, 2025; EO 14316, July 7, 2025; Proc. 10962, July 30, 2025; EO 14323, July 30, 2025; EO 14324, July 30, 2025; EO 14326, July 31, 2025; EO 14329, August 6, 2025; EO 14334, August 11, 2025; EO 14345, September 4, 2025; EO 14346, September 5, 2025; Proc. 10976, September 29, 2025; EO 14360, November 14, 2025 |
| 14259 | 90 FR 15509 | 4/14/2025 | 15509 | Amendment to Reciprocal Tariffs and Updated Duties as Applied to Low-Value Imports From the People's Republic of China | See: EO 14256, April 2, 2025; EO 14257, April 2, 2025; EO 14298, May 12, 2025; EO 14334, August 11, 2025 |
| 14266 | 90 FR 15625 | 4/15/2025 | 15625 | Modifying Reciprocal Tariff Rates To Reflect Trading Partner Retaliation and Alignment | See: EO 14257, April 2, 2025; EO 14259, April 8, 2025; EO 14298, May 12, 2025; EO 14316, July 7, 2025; EO 14334, August 11, 2025 |
| 14289 | 90 FR 18907 | 5/2/2025 | 18907 | Addressing Certain Tariffs on Imported Articles | See: Proc. 9704, March 8, 2018; Proc. 9705, March 8, 2018; Proc. 9980, January 24, 2020; EO 14193, February 1, 2025; EO 14194, February 1, 2025; EO 14197, February 3, 2025; EO 14198, February 3, 2025; Proc. 10895, February 10, 2025; Proc. 10896, February 10, 2025; EO 14226, March 2, 2025; EO 14227, March 2, 2025; March 2, 2025; EO 14231, March 6, 2025; EO 14232, March 6, 2025; Proc. 10908, March 26, 2025; EO 14324, July 30, 2025; See: EO 14325, July 31, 2025; Proc. 10976, September 29, 2025; Proc. 10984, October 17, 2025 Amended by: Proc. 10947, June 3, 2025 |
| 14298 | 90 FR 21831 | 5/21/2025 | 21831 | Modifying Reciprocal Tariff Rates To Reflect Discussions With the People's Republic of China | See: EO 14257, April 2, 2025; EO 14259, April 8, 2025; EO 14266, April 9, 2025; Memo. of April 11, 2025; EO 14316, July 7, 2025; EO 14326, July 31, 2025; EO 14334, August 11, 2025 |
| 14316 | 90 FR 30823 | 7/10/2025 | 30823 | Extending the Modification of the Reciprocal Tariff Rates | See: EO 14257, April 2, 2025; EO 14266, April 9, 2025; EO 14298, May 12, 2025 |
| 14324 | 90 FR 37775 | 8/5/2025 | 37775 | Suspending Duty-Free De Minimis Treatment for All Countries | Supersedes: EO 14256, April 2, 2025 (in part) See: EO 14193, February 1, 2025; EO 14194, EO 14195, February 1, 2025; February 1, 2025; EO 14200, February 5, 2025; EO 14226, March 2, 2025; EO 14227, March 2, 2025; EO 14257, April 2, 2025; EO 14289, April 29, 2025 |
| 14325 | 90 FR 37957 | 8/6/2025 | 37957 | Amendment to Duties To Address the Flow of Illicit Drugs Across Our Northern Border | See: EO 14193, February 1, 2025; EO 14289, April 29, 2025 |
| 14326 | 90 FR 37963 | 8/6/2025 | 37963 | Further Modifying the Reciprocal Tariff Rates | See: EO 14257, April 2, 2025; EO 14298, May 12, 2025; EO 14345, September 4, 2025; EO 14346, September 5, 2025 |
| 14334 | 90 FR 39305 | 8/14/2025 | 39305 | Further Modifying Reciprocal Tariff Rates To Reflect Ongoing Discussions With the People's Republic of China | See: EO 14257, April 2, 2025; EO 14259, April 8, 2025; EO 14266, April 9, 2025; EO 14298, May 12, 2025 |
| 14357 | 90 FR 50725 | 11/7/2025 | 50725 | Modifying Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China | |